UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LANNIE DEJOURNETT, | ) |
| Movant, | ) ) ) |
| vs. | ) ) Case No. 4:01-CV-1341 (CEJ) |
| AL LUEBBERS, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Lannie DeJournett, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, to reopen his habeas corpus action. Movant also filed a motion to appoint counsel to represent him in this action, and a motion to amend his habeas petition. Respondent has filed a response in opposition, and the issues are fully briefed.

### I. Background

Movant is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. Following a jury trial in the Circuit Court of Stoddard County, movant was found guilty of murder in the first degree (Count I) and armed criminal action (Count II). The circuit court sentenced movant to life imprisonment without parole for Count I and a concurrent ten-year sentence for Count II. On April 2, 1998, the Missouri Court of Appeals denied movant's appeal and affirmed his conviction and sentence. Resp. Exhs. E & F. On June 23, 1999, the trial court denied movant's motion for post-conviction relief and request for a hearing pursuant to Missouri Rule 29.15. Resp. Exh. H, pp. 43-53. The decision was affirmed by the state appellate court. Resp. Exhs. L & M.

On August 31, 2001, movant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he was denied effective assistance of trial counsel and effective assistance of post-conviction counsel.  [Doc. # 4].   Because movant had not raised the claim of ineffective assistance of trial counsel in either the direct appeal or in the post-conviction appeal, the court found that the claim was procedurally defaulted.  DeJournett v. Luebbers, No. 4:01-CV-1341-MLM, 12 (E.D. Mo. Jan 20, 2004).  The court further concluded that movant had no right to effective assistance of counsel in state court post-conviction relief proceedings.  Id.  On May 19, 2004, the United States Court of Appeals for the Eighth Circuit denied movant's application for certificate of appealability and dismissed his appeal.  [Doc. # 20].

II. Discussion

The specific reasons for which a court may relieve a party from a final judgment are listed in Rule 60(b)(1)-(5).  Subparagraph (6) provides that the court may take such action for "any other reason that justifies relief."  Fed.R.Civ.P. 60(b)(6).  Here, movant  asserts that the decision of the United States Supreme Court in Martinez v. Ryan, ___ U.S.___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), qualifies as "any other reason" justifying relief from the earlier judgment. In Martinez, the Court held that ineffective assistance of post-conviction counsel may constitute "cause" necessary to excuse a procedural default. 132 S.Ct. at 1311. In light of the Martinez decision, movant argues that this court should reconsider its  previous ruling rejecting his claims of ineffective assistance of counsel.  Before addressing that argument, the court must first address whether the movant's invocation of Rule 60(b)(6) is consistent with the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244.

   A.  **The AEDPA and Rule 60**

The AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Before a second or successive application may be filed in the district court, the petitioner must make a prima facie showing that the petition satisfies certain requirements, which the appropriate court of appeals must consider before authorizing the petition. 28 U.S.C. § 2244(b)(3). While Fed.R.Civ.P. Rule 60(b) allows a habeas petitioner to seek relief from final judgment and request reopening of a case, the rule only applies to habeas proceedings to the extent it is not inconsistent with AEDPA. Gonzalez v. Crosby, 545 U.S. 524, 529 (2005); Ward v. Norris, 577 F.3d 925, 932 (8th Cir. 2009). Thus, if the court finds movant's Rule 60(b) motion to be a second or successive habeas petition, the court must dismiss it for failure to obtain authorization from the court of appeals, or may alternatively transfer the motion to the court of appeals. United States v. Boyd, 304 F.3d 813, 814 (8th Cir. 2002).

A Rule 60(b) motion is considered a second or successive habeas corpus petition if it contains a "claim." Ward, 577 F.3d at 933. The Supreme Court has held that a Rule 60(b) motion contains a habeas corpus "claim" when the motion attacks the substance of the federal court's resolution of a claim on the merits. Gonzalez, 545 U.S. at 532. However, a Rule 60(b) motion does not contain a habeas claim when it instead attacks a defect in the integrity of the federal habeas proceedings. Id. Furthermore, a Rule 60(b) motion does not attack a federal court's resolution of a habeas claim when a previous ruling which precluded a merits determination was in error, such as a denial due to failure to exhaust, procedural default, or statute-of-limitations bar. Ward, 577 F.3d at 933.

In the instant Rule 60(b) motion, movant challenges the court's previous determination that his ineffective assistance of trial counsel claims in grounds eight through sixteen of his habeas petition were procedurally defaulted. There was no determination of the claims on the merits. Thus, to the extent movant seeks relief from that determination, his Rule 60(b) motion is not a successive habeas petition. Adams v. Thaler, 679 F.3d 312, 319 (5th Cir. 2012). Instead, his challenge to the court's previous ruling is a claim of defect in the previous habeas proceedings, specifically that the preclusion of a merits determination due to procedural default was in error. Gonzalez, 545 U.S. at 532; Ward, 577 F.3d at 933. Thus, the court may consider grounds eight through sixteen in the context of Rule 60(b).

The court reaches a different conclusion with respect to movant's request for reconsideration of his claim of ineffective assistance of post-conviction counsel in ground seventeen. Previously, the court adjudicated the claim in ground seventeen on the merits, concluding that movant had no right to effective assistance of counsel in state court post-conviction relief proceedings. DeJournett v. Luebbers, 4:01-CV-1341-CEJ [Doc. # 13]. Reconsideration of ground seventeen thus attacks the substance of the federal court's resolution on the merits. Gonzalez, 545 U.S. at 532. Therefore, the movant's Rule 60(b) motion must be construed as a successive petition to the extent he seeks reconsideration of the ruling on ground seventeen. Barnett v. Roper, 2013 WL 1721205, at *7 (E.D. Mo. April 22, 2013). Because movant has not obtained authorization from the Eighth Circuit to assert this claim in a successive petition, the court cannot consider it in the context of Rule 60(b). Boyd, 304 F.3d at 814.

Furthermore, this independent claim of ineffective assistance of post-conviction counsel is wholly without merit. Movant urges the Court to consider effective

assistance of post-conviction counsel as a constitutional right under the Fourteenth Amendment and in light of the Supreme Court's decision in Martinez. [Doc. #25, pp. 4-5]. However, the Supreme Court qualified that decision as an equitable ruling rather than a constitutional one. Martinez, 132 S.Ct. at 1319-20. The decision does not change the ruling in Coleman that there is no constitutional right to an attorney in state post-conviction proceedings, and thus a petitioner cannot claim ineffective assistance of counsel in such proceedings. Coleman v. Thompson, 501 U.S. 722, 752 (1991); see Martinez, 132 S.Ct. at 1320 (concluding that "[T]he rule of Coleman governs in all but the limited circumstances recognized here"). Accordingly, the Court will not grant Rule 60(b) relief for ground seventeen.

The Court will now address whether movant is entitled to Rule 60(b) relief pertaining to grounds eight through sixteen alleging ineffective assistance of trial counsel.

### B. Reconsideration after Martinez

Movant requests reconsideration of grounds eight through sixteen due to the Martinez decision. He specifically asserts that, because the Supreme Court in Martinez held that ineffective assistance of post-conviction counsel may be cause for procedural default, his claims regarding ineffective assistance of trial counsel must then be reconsidered. [Doc. # 25].

In certain circumstances, Rule 60(b)(6) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case. Ward v. Norris, 577 F.3d 925, 932 (8th Cir. 2009). Rule 60(b)(6) provides that a court may relieve a party from a final judgment due to "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). The Supreme Court has interpreted the "any other reason" language to mean that a

movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). However, such circumstances rarely occur in the habeas context. Id. Movant asserts that the Martinez decision meets this extraordinary circumstances requirement to obtain Rule 60(b) relief from his previous § 2254 judgment. [Doc. # 25, p. 3].

The Supreme Court has held that a change in decisional law does not constitute extraordinary circumstances to warrant Rule 60(b) relief, and the same applies here. Gonzalez, 545 U.S. at 536-37 (concerning the statute of limitations under AEDPA). The narrow exception to Coleman created in Martinez does not justify intrusion into the finality of movant's former § 2254 judgment. Adams v. Thaler, 679 F.3d 312, 320 (5th Cir. 2012); see Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999) (concluding that exceptional circumstances must justify intrusion into the sanctity of a final judgment). This analysis may seem inapposite to that conducted in Barnett v. Roper, 2013 WL 1721205, at * 14 (E.D. Mo. April 22, 2013). In that case, another court in this district considered a variety of factors when assessing whether the Martinez decision constitutes exceptional circumstances, such as: the nature of the intervening law, the delay between final judgment and the Rule 60(b) motion, and the degree of connection with Martinez. However, the court undertook a more equitable consideration in that case given its capital nature which required a greater need for reliability, consistency and fairness. Id. at * 15-16. Those are not the circumstances presented here as the present case is not capital in nature; therefore such multiple tiers of review is not required.

As the Martinez decision only presents a narrow and equitable exception to Coleman, that ruling does not constitute extraordinary circumstances to warrant Rule 60(b) relief.  Martinez, 132 S.Ct. at 1319-20.

III.  Conclusion

For the foregoing reasons, the Court concludes that movant has not sufficiently demonstrated the extraordinary circumstances that justify reopening his previous habeas case.  Additionally, the Court finds that movant has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253.   Therefore no certificate of appealability will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to re-open his previous habeas petition [Doc. # 25] is **denied**.

**IT IS FURTHER ORDERED** that movant's motion to appoint counsel [Doc. # 26] is **denied as moot**.

**IT IS FURTHER ORDERED** that movant's motion to amend his original § 2254 petition for writ of habeas corpus [Doc. # 27] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of January,  2014.